UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAMELA DEL CARMEN GUEVARA OROZCO,

Petitioner,

v. Case No. 3:26-cv-2520-MMH-SJH

WARDEN, FLAGLER COUNTY JAIL, et al.,

Respondents.

---

**ORDER**

Petitioner Pamela Del Carmen Guevara Orozco, an immigration detainee, is proceeding on a pro se Petition for Writ of Habeas Corpus (Doc. 1). According to Guevara Orozco, a citizen of Peru, she entered the United States on November 13, 2022, and United States Customs and Border Protection detained her for approximately seventy-two hours before releasing her on parole. Doc. 1 at 6. United States Immigration and Customs Enforcement re-detained her on August 23, 2026. Id. at 4. Guevara Orozco challenges her immigration detention without an individualized bond hearing and requests the Court direct Respondents to provide her with a bond hearing pursuant to 8 U.S.C. § 1226(a). See id. at 6–8.

The Federal Respondent filed a Response (Doc. 3) conceding that Guevara Orozco is entitled to a bond hearing based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior").

When Guevara Orozco was detained in August 2026, she was not seeking entry at the border; therefore, as the Federal Respondent concedes, she is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1. Guevara Orozco's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to her claim that her detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Guevara Orozco an individualized

[1] Because the Court finds that Guevara Orozco is entitled to relief on this basis, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

bond hearing consistent with 8 U.S.C. § 1226(a) or release her. If Respondents release Guevara Orozco, at least **five (5) hours** before releasing her, Respondents shall provide her with access to a telephone to arrange transportation from the detention facility.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of October, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

JAX-3
c:
Pro se petitioner
Counsel of Record